**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 12-cv-02515-JLK

FANG TIAN,

     Plaintiff,

v.

NEWMONT INTERNATIONAL SERVICES LIMITED, a Delaware Corporation,

     Defendant.

---

**JURY INSTRUCTIONS**

---

## INSTRUCTION NO. 1

## OPENING INSTRUCTIONS

Before the trial begins, I am giving you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. I will briefly explain them to you. If, during the course of the trial, there are other terms you don't recognize, please let me know and I will explain them. The party who sues is called the plaintiff. In this case, the plaintiff is Fang Tian [pronounced Fong Tee-Ahn]. The party who is being sued is called the defendant. In this case, the defendant is Newmont International Services Limited, which will often be abbreviated to Newmont.

You will sometimes here me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case. I am not indicating in any way that you must accept it, but only that you may consider accepting or rejecting it.

By your verdict, you will decide disputed issues of fact.  I will decide all questions

2

of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you one final time on the law that you must follow and apply.

You are to consider all the evidence received in this trial and only the evidence received at trial.  It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the parties will make their final arguments.  These arguments are not evidence.  After these closing arguments, I will again instruct you on the rules of law you are to use in reaching your verdicts, and then you will retire to decide your verdicts.

During the course of the trial I may ask a question of a witness. If I do, that does not mean I have any opinion about the facts in the case. I am only trying to bring out testimony that you may consider. From time to time during the trial I may also direct your attention to particular instructions of law.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdicts.  However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that situation, you may write out a question and provide it to the courtroom deputy at the next recess. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will provide an answer. If I do not, I will tell you why and explain why such an answer cannot be considered in your deliberations.

If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you decide to take notes, be careful not to get so involved in note taking that you become distracted, and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

During the course of the trial, you may not talk with any witness, or with the parties, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Also, you should not discuss the merits of this case among yourselves until you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have again heard my instructions on the controlling rules of law before you deliberate among yourselves. In other words, keep an open mind and form no opinions until you can consider all the evidence and the instructions of law together.

During the course of the trial you will receive all the evidence you legally may consider to decide the case. Gathering any information on your own that you think might be helpful is against the law and would be a violation of your oath. Do not engage in any outside reading on this case, even including dictionaries or a bible, do not attempt to visit any places mentioned in the case, and do not in any other way try to learn about the case outside the courtroom. Ignore all case related publicity.

It is not fair to the parties to have one or more jurors deciding this case on

information that is not presented in court. This would make a mockery of our trial system.  It would make irrelevant rules of evidence and the right of cross examination.

You will be surprised to learn that, despite the repeated giving of this instruction by trial judges, there were instances in which jurors disobeyed this instruction.  When this is brought to the attention of the court, it frequently results in a mistrial and a new trial, which means the first jury's time was completely wasted.

I can tell you this. If *I* sacrificed several days or weeks of *my* time to serve as a trial juror, and *I* followed the court's instructions not to talk to people or do outside research on the case, and then learned that one of my fellow jurors did *not*, which caused the court to order a mistrial and new trial after we had reached a verdict, I would be FURIOUS and RESENTFUL of that juror.  I trust you would feel the same way.

The parties, attorneys, witnesses, court, and trial jurors only want to do this one time. Therefore, please confine your consideration of this case to what happens in this courtroom. When the case is over, you will be free to say or do anything you wish concerning this case.  Until then, no outside research or discussion.

There will also not be any outside technology. I wish I did not have to dwell on this topic, but recent events around the United States and recent technologies require me to point out that some common practices and habits many of you enjoy are strictly forbidden in your role as jurors.  You may not, under any circumstances, have your cell phones, blackberries, iPhones or the like on when court is in session. Whether you are here or away from the court during recess you may not "google, twitter, tweet, text message, blog, Instagram, post" or anything else with those gadgets about or concerning

anything to do with this case. To do so could cause a mistrial, meaning all of our efforts would have been wasted and we would have to start all over again with a new trial before a new jury.  If you were to cause a mistrial by violating these orders, you could be subject to paying all the costs of these proceedings and perhaps punished for contempt of court. What you may do is advise anyone who needs to know, such as family members, employers, employees, schools, teachers, or daycare providers that you are a juror in a case and the judge has ordered you not to discuss it until you have reached a verdict and been discharged from the case. At that point you will be free to discuss this case or investigate anything about it to your heart's delight.

If during the course of the trial you believe there is anything you need to know, please write down your request and give it to the courtroom deputy. She will give it to me and we will do our best to attend to it.

Fairness to all concerned requires that all of us connected with this case deal with the same information and with nothing other than the same information. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

Finally, I note that the court reporter is making stenographic notes of everything that is said.  This is basically to assist any appeals.  You will *not* have a typewritten copy of the testimony available for your use during deliberations.  On the other hand, any exhibits admitted at trial will be available to you during your deliberations.

**INSTRUCTION NO. 2**

**STATEMENT OF THE CASE**

The following is a brief summary of the claims in this case:

Ms. Tian worked for Newmont from December 14, 2009, through September 30, 2011, as a Service Analyst.  She reported to Juan Pablo Reyes.  Ms. Tian is a Chinese citizen so she needed to have a valid work visa to work in the United States.  When she was hired Newmont sponsored her H1-B non-immigrant visa which was valid through November, 2012.  Ms. Tian claims that Mr. Reyes agreed and/or represented that Newmont would sponsor her Green Card application and that the process would start sometime in March, 2011.  Mr. Reyes denies that he made any such promise.  Ms. Tian's position as a Service Analyst was eliminated during a restructuring and Mr. Reyes informed Ms. Tian of the decision to eliminate her position on July 7, 2011.  Ms. Tian, however, was allowed to remain on Newmont's payroll for three months—through September 30, 2011—before her employment ended.  Following her employment with Newmont, Ms. Tian went to work for Bechtel in the United States and, later, in China. She remains employed by Bechtel.

Ms. Tian claims that Newmont promised her that it would file her Green Card application, while at the same time planning to fire her with no intention of following through on its promises.  Ms. Tian claims that she trusted Newmont's promises, and by the time she found out that Newmont did not intend to live up to its promises she was forced to return to China and suffered financial and emotional damage.

Ms. Tian is asserting three claims for relief against Newmont: (1) Negligent

7

Misrepresentation Causing Physical Harm; (2) Negligent Misrepresentation Causing Financial Loss; and (3) Fraudulent Misrepresentation.

Newmont asserts that Mr. Reyes did not promise to sponsor Ms. Tian's Green Card application either verbally or in writing.  Newmont claims that the only written communication –an email- between Ms. Tian and Mr. Reyes related to the timing of exploring the steps in the process with Newmont's human resources representatives who are responsible for the process.  Newmont asserts that the one email and other conversations between Ms. Tian and Mr. Reyes establish, at most, that there was a misunderstanding between Mr. Reyes and Ms. Tian.  Newmont also asserts that Ms. Tian's negligent misrepresentation claim fails because that claim requires that either Newmont or Mr. Reyes be in the business of supplying immigration information for use in commercial transactions with others and they are not.  Nor did Ms. Tian use any alleged information in a business transaction with others.  Newmont further claims that no employee intentionally or negligently made a false representation to Ms. Tian of a material fact.

Newmont asserts that the green card application process can take several years to complete.  To sponsor Ms. Tian's green card, it had to intend to employ her when the green card was approved and at each step of the green card application process.   Even if Newmont promised to sponsor Ms. Tian's application (which Newmont denies), Newmont asserts that the application process could not continue once the company decided to eliminate her position.   Newmont contends that when Ms. Tian's employment terminated, Newmont no longer had a legal right or ability to sponsor her

8

Green Card application.  Any promise to sponsor her Green Card terminated along with the employment relationship.

# INSTRUCTION NO. 3

## ORDER OF TRIAL

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the  opening statements is not evidence, but is simply an introduction to help you understand  what each party expects the evidence to show.

After the opening statements, Plaintiff will present evidence in support of her claims and  Defendant's lawyers may cross-examine the witnesses. At the conclusion of Plaintiff's case,   Defendant may introduce evidence and Plaintiff's lawyers may cross-examine the witnesses. Defendant is not required to introduce any evidence or to call any witnesses. If Defendant chooses to introduce evidence, Plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they think the evidence has shown.  What is said in the closing arguments is not  evidence.

Finally, I will instruct you on the law that you are to apply in reaching your  verdict.  You will then decide the case.

## INSTRUCTION NO. 4

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But in determining what actually happened – that is, in reaching your decision as to the facts – it is your sworn duty to follow all of the rules of law as I explain them to you.

You may not disregard or give special attention to any one instruction, or question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.  We are bound to apply the law as it is given to us by the higher courts and the legislature.

In your deliberations you must see to it that no one else on the jury ignores the instructions or attempts to decide the case on anything other than the law and the evidence. It is always to be borne in mind that our collective commitment is to equal justice under the law. Matters of race, creed, color, nationality and gender have no place in this process. To the best of your ability you are to judge others as you would want others to judge you under the law I give you. The very heart of justice is that all apply the same law to the same evidence and leave our personal desires out of it.

You should not read into these instructions, or anything else I may have said or done, any suggestion as to what your verdict should be.  That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without bias, prejudice or sympathy.  That was the promise you made and the oath you took.

## INSTRUCTION NO. 5

## EVIDENCE – GENERAL

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give you. That is how you will reach your verdict. In doing so, you must follow the law whether you agree with it or not.

At no time during the trial will I suggest what I think your verdict should be nor do I want you to guess or speculate about my views of what verdict you should render.

You will decide what the facts are from the evidence that the parties will present to you during the trial.  That evidence will consist of the sworn testimony of witnesses on both direct and cross-examination, regardless of who called the witness; documents and other things received into evidence as exhibits; and any facts on which the lawyers agree or which I may instruct you to accept as true.

The following things are not evidence and you must not consider them as evidence in deciding the facts of this case:

1.      Statements and arguments by lawyers are not evidence. The lawyers are not witnesses. What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of the facts controls.

2.      Questions and objections by the lawyers are not evidence. Lawyers have a duty to their clients to object when they believe a question is

12

improper under the rules of evidence.  You should not be influenced by the objection or by my ruling on it.

3.      The lawyers may have highlighted certain parts of some exhibits. While an admitted exhibit is evidence, the highlights are not. It is for you to determine the significance of the highlighted parts.

4.      Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered by you.

5.      Anything you may see or hear when the Court is not in session is not evidence, even if what you see or hear is done or said by one of the parties or by one of the witnesses.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts that you find have been proved, such reasonable inferences as seem justified in the light of your experience. Inferences are inductions or conclusions your reason and common sense lead you to draw from the facts established by the evidence in the case. Inferences reached from facts not proved at trial, however, are impermissible.

**INSTRUCTION NO. 6**

**EVIDENCE - DIRECT AND CIRCUMSTANTIAL**

Evidence can be either direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence; that is, it is proof of one or more facts from which one can find that another fact exists or is true.

As a general rule, the law makes no distinction between direct and circumstantial evidence, and you should consider both kinds of evidence in deciding this case. It is for you to decide how much weight to give to any evidence, direct or circumstantial.

The rules of evidence control the facts you may consider.  When one lawyer asks a question or offers an exhibit and an opposing lawyer thinks that it is not permitted by the rules of evidence, the opposing lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been or what the exhibit might have shown.

**INSTRUCTION NO. 7**

**FILING OF LAWSUIT AND PLEADINGS**

The fact that Plaintiff filed this lawsuit is not evidence that Defendant did anything wrong.  The fact that the Plaintiff complains she has been damaged is not evidence that she has  been damaged or that Defendant violated the law.  You cannot say, "Well, there must be  something wrong here or the case would not be in court." This would be improper.

**INSTRUCTION NO. 8**

**BURDEN OF PROOF**

This is a civil, rather than criminal, case and therefore Plaintiff has the burden of proving  her claim by what is called a preponderance of the evidence. "By a preponderance of the  evidence" means that no matter who produces the evidence, when you consider the claim of  Plaintiff in light of all the facts, you believe that Plaintiff's claim is more likely true than not  true. To put it differently, if you were to put all of the evidence in favor of Plaintiff and all of the  evidence in favor of Defendant on opposite sides of the scale, Plaintiff would have to make the  scale tip to her side. If Plaintiff fails to meet this burden, your verdict must be for Defendant.

In evaluating whether Plaintiff has  met her burdens on her claims, you should also know that the law  does not require parties to call as witnesses all persons who may have been present at any time or  place involved in the case, or who may appear to have some knowledge of the matter at issue at  this trial. Nor does the law require parties to produce as exhibits all papers or other things  mentioned in the evidence in the case.

**INSTRUCTION NO. 9**

**QUESTIONS BY JURORS – PERMITTED**

Jurors normally do not ask a witness questions.  However, you may ask important questions during the trial under certain conditions.

If you feel that the answer to your question would be helpful in understanding the issues in the case, please write down your question during a break and give it to my courtroom deputy.  I will make a copy of your note for the lawyers and speak privately with them to decide whether the question is proper under the law and how best to address it.

If the question is proper, we will repeat it in open court and someone will answer it. If there is some reason why the question cannot be answered, I will tell you what that reason is.

## INSTRUCTION NO. 10

## PUBLICITY DURING TRIAL

If there is publicity about this trial, you must ignore it.  Do not read anything or listen to any television or radio programs about the case.  You must decide this case only from the evidence presented here in the courtroom.

## INSTRUCTION NO. 11

## JUDGE'S QUESTIONS TO WITNESSES

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. They are intended only to clarify or  to repeat something I may have missed.

**INSTRUCTION NO. 12**

**CONFERENCES WITH COUNSEL**

It may be necessary for me to talk to the lawyers about an issue of law out of your hearing.  The purpose of these conferences is to decide how certain legal matters are to be treated.  We will not be discussing factual matters.

Sometimes we will talk briefly at the bench.  But some of these conferences may take more time, so I will excuse you from the courtroom.  I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.  The lawyers and I will do what we can to limit the number and length of these conferences.

**INSTRUCTION NO. 13**

**INFERENCES DEFINED**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are inductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## INSTRUCTION NO. 14

## NO SPECULATION

Any finding of fact you make must be based on probabilities, not possibilities.  You should not guess or speculate about a fact.

# INSTRUCTION NO. 15

## CREDIBILITY OF WITNESSES

In deciding the facts of this case, you will have to decide which witnesses to believe and which witnesses not to believe. You may believe everything a witness says, only part of it, or none of it.

In considering the testimony of any witness, you may consider:

1.    The witness's opportunity and ability to see or hear or know the things to which the witness testified;

2.    The quality of the witness's memory;

3.    The witness's manner while taking the oath and while testifying;

4.    Whether the witness had an interest in the outcome of the case or any motive, bias or prejudice;

7.    Whether the witness's testimony is contradicted by anything the witness said or did at another time, by the testimony of other witnesses, or by other evidence;

6.    How reasonable the witness's testimony was in light of all the evidence; And

7.    Any other facts that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify to that fact.

If you believe a witness has willfully lied regarding any material fact, you have the right to disregard all or any part of that witness's testimony.

**INSTRUCTION NO. 16**

**SINGLE WITNESS**

The testimony of a single witness that produces in your minds belief in the

likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in

accordance with such testimony, even though a number of witnesses may have testified

to the contrary, if, after consideration of all the evidence in the case, you hold greater

belief in the accuracy and reliability of the one witness.

## INSTRUCTION NO. 17

## EQUALITY OF PARTIES

All persons are equal before the law regardless of race, national origin, citizenship, or whether the party is a corporation or government entity.  I tell you that all parties are equal before the law to remind you that you must base any decision in this case on the law and facts, not outside factors such as race, national origin, citizenship, or corporate status.

**INSTRUCTION NO. 18**

**STATUS OF A CORPORATION**

All persons are equal before the law.  A corporation is  considered by the law to be a person.  Corporations are entitled to  the same fair and conscientious consideration by you as any physical person.

Corporations can act only through their officers and  employees.  Any act or omission of an officer or employee while acting within the  scope of his or her employment or authority is the act or omission of the  corporation.

**INSTRUCTION NO. 19**

**EXPERT WITNESSES**

A witness qualified as an expert by education, training, or experience may state opinions.  You should judge expert testimony just as you would judge any other testimony.  You may accept it or reject it, in whole or in part.  You should give the testimony the importance you think it deserves, considering the witness's qualifications, the reasons for the opinions, and all of the other evidence in the case.

**INSTRUCTION NO. 20**

**NEGLIGENT MISREPRESENTATION CAUSING PHYSICAL HARM – ELEMENTS OF LIABILITY**

For the Plaintiff, Ms. Tian, to recover from the Defendant, Newmont, on her claim of negligent misrepresentation, you must find all of the following have been proved by a preponderance of the evidence:

1.      Newmont negligently gave false information to Ms. Tian;

2.      Ms. Tian relied upon such information; and

3.      This reliance was a cause of physical harm to the person of Ms. Tian.

If you find that any one or more of these three statements has not been proved, then your verdict must be for Newmont.

On the other hand, if you find that all of these three statements have been proved, then your verdict must be for Ms. Tian.

## INSTRUCTION NO. 21

## DEFINITION OF PHYSICAL HARM

Emotional distress can constitute physical harm when there are physical manifestations or mental illness, such as chronic nausea, headaches, hysterical attacks, or mental aberrations.

## INSTRUCTION NO. 22

## NEGLIGENT MISREPRESENTATION CAUSING FINANCIAL LOSS IN A BUSINESS TRANSACTION – ELEMENTS OF LIABILITY

For Ms. Tian to recover from Newmont on her claim of negligent misrepresentation causing financial loss in a business transaction, you must find all of the following have been proved by a preponderance of the evidence:

1. Newmont gave false information to Ms. Tian;

2. Newmont gave such information to Ms. Tian in the course of Newmont's business;

3. Newmont gave the information to Ms. Tian for her use in a business transaction;

4. Newmont was negligent in obtaining or communicating the information;

5. Newmont gave the information with the intent or knowing that Ms. Tian would act in reliance on the information;

6. Ms. Tian relied on the information supplied by Newmont; and

7. This reliance on the information supplied by Newmont caused monetary loss to Ms. Tian.

If you find that any one or more of these seven statements has not been proved, then your verdict must be for Newmont.

On the other hand, if you find that all of these seven statements have been proved, then your verdict must be for Ms. Tian.

## INSTRUCTION NO. 23

## NEGLIGENCE – DEFINED

Negligence means a failure to do an act which a reasonably careful person would do, or the doing of an act which a reasonably careful person would not do, under the same or similar circumstances to protect others from injury or financial loss.

**INSTRUCTION NO. 24**

**NEGLIGENT MISREPRESENTATION CAUSING FINANCIAL LOSS IN A BUSINESS TRANSACTION — UNREASONABLE RELIANCE — DEFINED**

One is negligent in relying on information given by another when a reasonable person in the same or similar circumstances would not have so relied.  If Ms. Tian had access to information that would have led to the discovery of the facts and that information was equally available to both parties, then Ms. Tian's reliance is not justified or reasonable.

## INSTRUCTION NO. 25

## REASONABLE CARE – DEFINED

Reasonable care is that degree of care which a reasonably careful person would use under the same or similar circumstances.

## INSTRUCTION NO. 26

## DEFINITION OF "CAUSE"

The word "cause" as used in these instructions means an act or failure to act, which produced the claimed injury.  It is a cause without which the claimed injury would not have happened.

## INSTRUCTION NO. 27

## FRAUDULENT MISREPRESENTATION – ELEMENTS OF LIABILITY

For the Plaintiff, Ms. Tian, to recover from the Defendant, Newmont, on her claim of fraudulent misrepresentation, you must find all of the following have been proved by a preponderance of the evidence:

1.     Newmont made a false representation of a past or present fact;

2.     The fact was material;

3.     Newmont made the representation knowing it to be false or it was aware that it did not know whether the representation was true or false;

4.     Newmont made the representation with the intent that Ms. Tian would rely on the representation;

5.     Ms. Tian relied on the representation;

6.     Ms. Tian's reliance was justified; and

7.     This reliance caused damages to Ms. Tian.

If you find that any or more of these seven statements have not been proved, then your verdict must be for the Defendant.

On the other hand, if you find all of these seven statements have been proved, then your verdict must be for the Plaintiff.

## INSTRUCTION NO. 28

## FALSE REPRESENTATION – DEFINED

A false representation is any oral or written words, conduct, or combination of words and conduct that creates an untrue or misleading impression in the mind of another.

**INSTRUCTION NO. 29**

**MATERIAL FACT – DEFINED**

A fact is material if a reasonable person under the circumstances would regard it as important in deciding what to do.

A fact may also be material even though a reasonable person might not regard it as important, if the person stating it knows that the person receiving the information would regard it as important in deciding what to do.

## INSTRUCTION NO. 30

## FALSE REPRESENTATION – DEFINITION OF "RELIANCE"

The Plaintiff, Ms. Tian, relied on the claimed representation if, believing it to be true, she took action she otherwise would not have taken, or decided against taking action she otherwise would have taken.

**INSTRUCTION NO. 31**

**JUSTIFIABLE RELIANCE ON FALSE REPRESENTATION – DEFINED**

A person is justified in assuming that a representation is true unless a person of the same or similar intelligence, education, or experience would not rely on that representation.

## INSTRUCTION NO. 32

## JUSTIFIABLE RELIANCE – NO GENERAL DUTY TO INVESTIGATE

A person's reliance is justified even though she failed to make an investigation unless:

1.      She knew specific facts that would have caused a person of the same or similar intelligence, education, or experience to be suspicious and investigate; and

2.      She had a reasonable opportunity to make an investigation that would have revealed the facts.

**INSTRUCTION NO. 33**

**STATEMENTS OF FUTURE INTENTION OR PROMISES AS FALSE**

**REPRESENTATIONS**

This definition of false representation is applicable only to Ms. Tian's fraudulent misrepresentation claim.

A person's promise or statement of intention to do something in the future is not a false representation unless the person did not intend to perform the promise or stated intention at the time the statement was made.

**INSTRUCTION NO. 34**

**DAMAGES**

As the Plaintiff, Ms. Tian has the burden of proving, by a preponderance of the evidence, the nature and extent of her damages.  If you find in favor of the Plaintiff, you must determine the total dollar amount of Plaintiff's damages, if any, that were caused by promises or misrepresentations of the Defendant, Newmont.

In determining such damages, you shall consider the following:

Any noneconomic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including: physical and mental pain and suffering, inconvenience, emotional stress, and impairment in the quality of life.

Any economic losses or injuries which Plaintiff has had to the present time or which Plaintiff will probably have in the future, including: loss of earnings or damage to her ability to earn money in the future; and medical, hospital, and other expenses

## INSTRUCTION NO. 35

## EXEMPLARY OR PUNITIVE DAMAGES

If you find in favor of Ms. Tian on her claim of Fraudulent Misrepresentation, then you shall consider whether Ms. Tian should recover punitive damages against Newmont. If you find beyond a reasonable doubt that Newmont acted in a fraudulent and/or willful and wanton manner in causing Ms. Tian's damages you shall determine the amount of punitive damages, if any, that Ms. Tian should recover.

Reasonable doubt means a doubt based upon reason and common sense which arises from a fair and thoughtful consideration of all the evidence, or the lack of evidence, in the case.  It is not a vague, speculative, or imaginary doubt, but one that would cause reasonable persons to hesitate to act in matters of importance to themselves.

Punitive damages, if awarded, are to punish Newmont and to serve as an example to others.

**INSTRUCTION NO. 36**

**WILLFUL AND WANTON CONDUCT – DEFINED**

Willful and wanton conduct means an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly Ms. Tian.

**INSTRUCTION NO. 37**

**DAMAGES NOT TO BE INFERRED**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages. The question of whether or not damages are to be awarded is a question for the jury's consideration.

## INSTRUCTION NO. 38

## GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Each of you has a copy of the instructions to consult whenever you wish. The lawyers may properly refer to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**INSTRUCTION NO. 39**

**JURY DELIBERATIONS – GENERAL INSTRUCTIONS**

It is your duty to find the facts from all the evidence in the case. To those facts,  you must apply and follow the laws contained in these instructions whether you agree  with them or not. Your decision is called a verdict and is reached by applying those laws  to the facts as you find them. You have taken an oath promising to do just so.

You must follow all of these instructions and not single out some and ignore  others; they are all equally important. You must not read into these instructions or into  anything I may say or do any suggestions as to what verdict you should return. Your  verdict is a matter entirely for you to decide.

# INSTRUCTION NO. 40

## JURY – DELIBERATIONS

When you go to the jury room to begin your deliberations, you must elect one of you to serve as your Presiding Juror. He or she will preside over your deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreements if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors. I offer some suggestions on how you might do this in the next jury instruction, entitled "Jury – The Deliberations Process."

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict, but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight of the evidence simply to reach a verdict.

## INSTRUCTION NO. 41

## JURY – THE DELIBERATIONS PROCESS

Once you have elected your Presiding Juror as directed by the previous instruction, you are free to proceed as you agree is appropriate. Therefore, I am not directing you how to proceed, but I offer the following suggestions that other juries have found helpful so that you can proceed in an orderly fashion, allowing full participation by each juror, and arrive at a verdict that is satisfactory to each of you.

First, it is the responsibility of the Presiding Juror to encourage good communication and participation by all jurors and to maintain fairness and order. Your Presiding Juror should be willing and able to facilitate productive discussions even when disagreements and controversy arise.

Second, the Presiding Juror should let each of you speak and be heard before expressing his or her own views.

Third, the Presiding Juror should never attempt to promote nor permit anyone else to promote his or her personal opinions by coercion or intimidation or bullying of others.

Fourth, the Presiding Juror should make certain that the deliberations are not rushed to reach a conclusion.

If the Presiding Juror you select does not meet these standards, he or she should voluntarily step down or be replaced by a majority vote.

After you select a Presiding Juror you should consider electing a secretary who will tally the votes, help keep track of who has or hasn't spoken on the

49

various issues,  make certain that all of you are present whenever deliberations are

under way and  otherwise assist the Presiding Juror.

Some juries are tempted to start by holding a preliminary vote on the case

to "see  where we stand." It is most advisable, however, that no vote be taken

before a full  discussion is had on the issue to be voted on, otherwise you might

lock yourself into a  certain view before considering alternative and possibly more

reasonable interpretations  of the evidence. Experience has also shown that such

early votes frequently lead to  disruptive, unnecessarily lengthy, inefficient debate

and ineffective decision-making.

Instead, I suggest the Presiding Juror begin your deliberations by directing

the  discussion to establishing informal ground rules for how you will proceed.

These rules  should assure that you will focus upon, analyze and evaluate the

evidence fairly and  efficiently and that the viewpoints of each of you is heard and

considered before any  decisions are made. No one should be ignored. You may

agree to discuss the case in the  order of the questions presented in the special

verdict form or in chronological order or  according to the testimony of each

witness. Whatever order you select, however, it is  advisable to be consistent and

not jump from one topic to another.

To move the process of deliberation along in the event you reach a

controversial  issue, it is wise to pass it temporarily and move on to the less

controversial ones and then  come back to it. You should then continue through

each issue in the order you have  agreed upon unless a majority of you agrees to

change the order.

It is very helpful, but certainly not required of you, that all votes be taken by secret ballot. This will help you focus on the issues and not be overly influenced by personalities. Each of you should also consider any disagreement you have with another juror or jurors as an opportunity for improving the quality of your decision and therefore should treat each other with respect. Any differences in your views should be discussed calmly and, if a break is needed for that purpose, it should be taken. As I mentioned at the beginning of this trial, each of you is responsible for making sure that no juror bases a decision on matters that are not evidence.

Each of you should listen attentively and openly to one another before making any judgment. This is sometimes called "active listening" and it means that you should not listen with only one ear while thinking about a response. Only after you have heard and understood what the other person is saying should you think about a response.

Obviously, this means that, unlike TV talk shows, you should try very hard not to interrupt. If one of your number is going on and on, it is the Presiding Juror who should suggest that the point has been made and it is time to hear from someone else.

You each have a right to your individual opinion, but you should be open to persuasion. When you focus your attention and best listening skills, others will feel respected and, even while they may disagree, they will respect you. It helps if you are open to the possibility that you might be wrong or at least that you might

change your mind about some issues after listening to other views.

Misunderstanding can undermine your efforts. Seek clarification if you do not understand or if you think others are not talking about the same thing. From time to time the Presiding Juror should set out the items on which you agree and those on which you have not yet reached agreement.

In spite of all your efforts, it is indeed possible that serious disagreements may arise. In that event, recognize and accept that "getting stuck" is often part of the decision making process. It is easy to fall into the trap of believing that there is something wrong with someone who is not ready to move toward what may be an emerging decision. Such a belief is not helpful. It can lead to focusing on personalities rather than the issues. It is best to be patient with one another. At such times slower is usually faster. There is a tendency to set deadlines and seek to force decisions. Providing a break or more time and space, however, often helps to shorten the overall process.

You may wish from time to time to express your mutual respect and repeat your resolve to work through any differences. With such a commitment and mutual respect, you will most likely render a verdict that leaves each of you satisfied that you have indeed rendered justice.

# INSTRUCTION NO. 42

## COMMUNICATIONS WITH JUDGE

If it becomes necessary during your deliberations to communicate with me, you may send a folded note through the court security officer, signed by one of you. Do not disclose the content of your note to the court security officer. No member of the jury should hereafter attempt to communicate with me except by signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. You are not to tell anyone – including me – how the jury stands, numerically or otherwise, until you have reached a unanimous verdict and I have discharged you.

If you send a note to me containing a question or request for further direction, please bear in mind that responses take considerable time and effort. Before giving an answer or direction I must first notify the attorneys and bring them back to the court. I must confer with them, listen to arguments, research the legal authorities, if necessary, and reduce the answer or direction to writing.

There may be some question that, under the law, I am not permitted to answer. If it is improper for me to answer the questions, I will tell you that. Please do not speculate about what the answer to your question might be or why I am not able to answer a particular question.

In some instances jurors request that certain testimony be read to them. This cannot be done as it is inappropriate for the court to single out testimony. In those circumstances you must rely upon your own recollection.

**INSTRUCTION NO. 43**

**UNANIMOUS AGREEMENT AND JURY VERDICT FORM**

You each have copies of a document called a Jury Verdict Form. You should answer the questions in the Jury Verdict Form as directed. You must reach unanimous agreement on the answers to each of the questions you are directed in the form to answer.  Upon arriving at an agreement, your Presiding Juror will insert each answer on the Jury  Verdict Form. After all of the questions have been answered as directed by the Jury  Verdict Form, your Presiding Juror will date the Jury Verdict Form, sign it, and then ask  all of the other jurors to sign it.

After you have filled out the Jury Verdict Form in this manner, your Presiding Juror should advise the court security officer stationed outside the jury room that you have reached a verdict.

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

Case No.: 12-cv-02515-JLK

FANG TIAN, an individual

        Plaintiff,

v.

NEWMONT INTERNATIONAL SERVICES LIMITED, a Delaware Corporation

        Defendant.

---

**JURY VERDICT FORM**

---

      We, the jury, present our Answers to the Questions submitted by the Court, to which we have all agreed:

**I.**    **CATEGORY I**

A.    For Plaintiff's negligent misrepresentation claim do you find that Plaintiff has proven each of the items as set forth in Instruction __:

    1.    Did Newmont negligently gave false information to the Plaintiff?

    YES___               NO___

    2.    Did Plaintiff rely upon the information?

    YES___               NO___

    3.    Did Plaintiff's reliance cause her physical harm?

    YES___               NO___

      IF YOU ANSWERED "YES" TO THE ABOVE QUESTIONS, PROCEED TO QUESTION B. IF YOU ANSWERED "NO" TO ANY OF THE ABOVE QUESTIONS, SKIP TO QUESTION C IN SECTION II.

B.      What is the amount to be awarded to the Plaintiff for the physical harm she suffered?

Please identify a dollar amount in the space provided.

Your answer:

$_____.

## II.      CATEGORY II

C.      For Plaintiff's negligent misrepresentation claim which caused financial loss in a

business transaction, do you find that Plaintiff has proven each of the items as set forth in

Instruction __:

1.      Did Defendant give false information to the Plaintiff?

YES___                          NO___

2.      Did Defendant give such information to the Plaintiff in the course of

Defendant's business?

YES___                          NO___

3.      Did Defendant give the information to the Plaintiff for her use in a business

transaction?

YES___                          NO___

4.      Was Defendant negligent in obtaining or communicating the information?

YES___                          NO___

5.      Did Defendant give the information with the intent or knowing that Plaintiff

would act in reliance on the information?

YES___                          NO___

6.      Did the Plaintiff rely on the information supplied by the Defendant?

YES___                          NO___

7.      Did the reliance on the information supplied by the Defense cause the Plaintiff

monetary loss?

YES___                         NO___

IF YOU ANSWERED "YES" TO THE ABOVE QUESTIONS, PROCEED TO QUESTION D. IF YOU ANSWERED "NO" TO ANY OF THE ABOVE QUESTIONS, SKIP TO QUESTION E IN SECTION III.

D.      What is the amount to be awarded to the Plaintiff for the monetary loss she has sustained? Please identify a dollar amount in the space provided.

Your answer:

$_____.

## III.     CATEGORY III.

E.      For Plaintiff's fraudulent misrepresentation do you find that Plaintiff has proven each of the items as set forth in Instruction __:

1.      Did Defendant make false representation to the Plaintiff of a past or present fact?

YES___                         NO___

2.      Was the fact material?

YES___                         NO___

3.      Did Defendant make the representation knowing it to be false or it was aware that it did not know whether the representation was true or false?

YES___                         NO___

4.      Did Defendant make the representation with the intent that Plaintiff would rely on the representation?

YES___                         NO___

5.      Did Plaintiff rely on the representation?

YES___                              NO___

6.        Was Plaintiff's reliance justified?

YES___                              NO___

7.        Did Plaintiff's reliance cause her damages?

YES___                              NO___

IF YOU ANSWERED "YES" TO THE ABOVE QUESTIONS, PROCEED TO QUESTION F. IF YOU ANSWERED "NO" TO ANY OF THE ABOVE QUESTIONS, SKIP TO THE BOTTOM OF THIS VERDICT FORM.

F.        What is the amount to be awarded to the Plaintiff for her fraudulent misrepresentation claim? Please identify a dollar amount in the space provided.

Your answer:

$_____.  Proceed to Question G.

G.        Do you find beyond a reasonable doubt:

1.        That Newmont acted in a fraudulent manner in causing Ms. Tian's damages?

YES___                              NO___

2.        That Newmont acted in a willful and/or wanton manner in causing Ms. Tian's damages?

YES___                              NO___

IF YOU ANSWERED "YES" TO EITHER OF THE ABOVE QUESTIONS, PROCEED TO QUESTION H. IF YOU ANSWERED "NO" TO BOTH OF THE ABOVE QUESTIONS, SKIP TO THE BOTTOM OF THIS VERDICT FORM.

H.        What is the amount of punitive damages that should be assessed against Defendant Newmont?

$_____.

Presiding Juror                                    Juror

_____                            _____
Juror                                              Juror

_____                            _____
Juror                                              Juror

_____                            _____
Juror                                              Juror

_____                            _____
Juror                                              Juror

_____                            _____
Juror                                              Juror